**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jairo GIRALDO, Defendant–Appellant.**

**No. 03–1133.**

United States Court of Appeals,
Second Circuit.

Oct. 23, 2003.

Sanford N. Talkin, Talkin, Muccigrosso & Roberts, New York, NY, for Appellant.

Kevin R. Puvalowski, Assistant United States Attorney, for James B. Comey, United States Attorney for the Southern District of New York (Harry Sandick, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: WINTER, CABRANES and SACK, Circuit Judges.

## SUMMARY ORDER

Jairo Giraldo appeals from a judgment of the District Court entered on February 26, 2003, imposed after he pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than 100 grams of a mixture containing a detectable amount of heroin, and one count of the actual distribution and possession with intent to distribute thereof, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 846, and 18 U.S.C. § 2. The Court sentenced the defendant to concurrent terms of 70 months' imprisonment.

On appeal, the defendant raises two challenges to his sentence. First, asserting that he played a minor role in the offense, he contends that the District Court erred in denying his application for a sentencing reduction pursuant to U.S.S.G. § 3B1.2. Second, the defendant contends that the District Court erred when it determined that he had not satisfied all of the criteria set forth in the "safety valve" provision of 18 U.S.C. § 3553(f) and verbatim in U.S.S.G. § 5C1.2, to warrant sentencing without regard to the statutory minimum sentence, or to warrant the two-level reduction pursuant to U.S.S.G. § 2D1.1(b)(6).

At sentencing, the District Court rejected both contentions, stating that it "[did not] buy the defendant's view of what happened." The District Court also noted that, given its adverse ruling on the defendant's safety-valve claim, application of § 3B1.2 was "immaterial" because 70 months' imprisonment–the sentence imposed by the Court–fell within the applicable guideline range adjusted for minor role in the offense as well the applicable unadjusted range.

Having reviewed the Court's findings for clear error, we conclude, for the reasons stated by the District Court, that the defendant's claims are without merit. Ac-

cordingly, the judgment of the District Court is hereby AFFIRMED.